UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE: )
)
Kathy Worley Hayes, ) Case No. 10-81284C-13D
)
      Debtor. )

## OPINION AND ORDER

This case came before the court on January 6, 2011, for a hearing to determine whether the Debtor's proposed plan of reorganization should be confirmed. Edward C. Boltz appeared on behalf of the Debtor, Kimberly A. Sheek appeared on behalf of Wells Fargo Bank, NA ("Wells Fargo") and Benjamin E. Lovell appeared on behalf of the Chapter 13 Trustee, Richard M. Hutson II. Having considered the proposed plan, the objection filed by Wells Fargo, the briefs and arguments presented by the attorneys and the matters of record in this case, the court makes the following findings and conclusions.

## FACTS

At issue are the provisions in the plan dealing with the claim of Wells Fargo. Wells Fargo is a secured creditor pursuant to a promissory note from the Debtor which is secured by a deed of trust on the Debtor's residence located at 4102 Tranquil Road, Durham, North Carolina. The proof of claim filed by Wells Fargo indicates secured indebtedness of $73,843.66 as of the petition date. The Debtor has not challenged the validity of the promissory note and deed of trust held by Wells Fargo and proposes to treat Wells

Fargo's claim as fully secured.

The proposed plan asserts that the anti-modification provision of section 1322(b)(2) is not applicable in this case because Wells Fargo is secured by collateral other than the Debtor's residence and that the rights of Wells Fargo therefore can be modified, which the plan proposes to do.[1]  The modifications proposed in the plan include changing the interest rate under the promissory note held by Wells Fargo from an adjustable rate to a fixed rate of 5% per annum and "re-amortizing" the loan and are contained in the following portion of the plan:

> The balance of the mortgage loan with Wells Fargo shall be re-amortized over the remaining term of the mortgage, from November 2010 through September 2031, at a permanently fixed rate of five per cent (5%) per annum, resulting in principal and interest payments of $467.37 per month for the remaining life of the mortgage loan.  Wells Fargo shall be allowed payments of $155.00 per month representing 1/12th of the annual amount to Durham County for real property taxes and homeowner's insurance.  Upon the timely filing of a claim, Wells Fargo shall be allowed a continuing, long-term debt payable through the Trustee's office in the amount of $622.37 per month for principal, interest, taxes and insurance.  Given the re-amortization of the loan, any arrearage claims filed by Wells Fargo shall be disallowed.

In the event that Wells Fargo objects to the

---

[1] Relying upon the decision in In re Bradsher, 427 B.R. 386 (Bankr. M.D.N.C. 2010), the Debtor asserts that the Wells Fargo claim is not secured only by the Debtor's principal residence because Wells Fargo's deed of trust also grants a security interest in the Debtor's escrow account at Wells Fargo.

>Debtor's proposal to extend the periodic payments beyond the plan term, the Debtor shall distribute, pursuant to 11 U.S.C. §1325(a)(5)(B)(ii), property in the form of a new Deed of Trust to Wells Fargo complying with the above-mentioned terms and conditions. The modification of this mortgage shall be deemed to be in compliance with the requirements of HAMP and the Debtor and Wells Fargo shall be entitled to distributions under such program from the United States Department of the Treasury.

Under this plan language, an objection by Wells Fargo to the Debtor's proposal to extend the periodic payments to Wells Fargo beyond the term of the plan, triggers treatment for Wells Fargo under which the Debtor is to distribute to Wells Fargo, pursuant to section 1325(a)(5)(B)(ii), property in the form of a new deed of trust incorporating the modified terms described in the plan. As anticipated by the Debtor, such an objection was filed by Wells Fargo. This objection apparently means that the operative treatment proposed for Wells Fargo is that upon confirmation the Debtor will distribute "property in the form of a new Deed of Trust to Wells Fargo complying with the above-mentioned terms and conditions."

## ANALYSIS

While the proposed plan does not include the proposed new deed of trust nor was a copy of a new deed of trust produced at the hearing, presumably the deed of trust would contain the same payment provisions as set forth in the plan, i.e., a fixed interest rate of 5% per annum and periodic principal and interest payments

of $467.37 per month throughout the remaining term of the Wells Fargo loan (i.e., through September of 2031). In arguing that this treatment is permissible, the Debtor has focused primarily upon section 1325(a)(5)(B)(ii), arguing that the deed of trust is "property" having a value on the effective date of the plan not less than the allowed amount of the Wells Fargo claim and that she thereby has complied with section 1325(a)(5)(B)(ii) and therefore is entitled to have her plan confirmed. In doing so, the Debtor has looked past and failed to consider other hurdles that must be crossed on the path to confirmation. Though there are numerous problems inherent in the treatment proposed for Wells Fargo, the court will address only the impasse posed by section 1325(a)(1) and its requirement that a plan comply with all of the provisions of chapter 13 in order to be confirmed. As discussed below, Debtor's plan does not comply with section 1322 and hence cannot be confirmed because it does not satisfy section 1325(a)(1).

Section 1322(b)(2) permits a plan provision that modifies a secured claim other than a claim secured only by a security interest in real property that is the debtor's principal residence. If, as in the present case, a debtor proceeds under section 1322(b)(2), however, the plan is subject to the limitation contained in section 1322(d) under which the plan may not provide for payments over a period that is longer than five years in the case of an above median income debtor or three years as to a below

- 4 -

median income debtor. Together, sections 1322(b)(2) and 1322(d) mean that a chapter 13 debtor may not modify a secured claim and repay it over a period longer than the term of the plan. See Enewally v. Washington Mut. Bank (In re Enewally), 368 F.3d 1165, 1172 (9th Cir. 2004); In re Russell, No. 10-11720-SSM, 2010 WL 2671496, at *4-6 (Bankr. E.D. Va. June 30, 2010).[2]

The Debtor seems to recognize that the inclusion of the proposal to extend the modified loan payments over the remaining term of the Wells Fargo loan is impermissible if included in the body of the plan. Otherwise, why include in the plan the alternative treatment involving the issuance of a new deed of trust in the event of an objection by Wells Fargo? In any event, whether or not recognized by the Debtor, such treatment clearly extends payments under the plan beyond the term of the plan and thus is prohibited by section 1322(d).

The question to be answered is whether a plan that otherwise could not be confirmed can be rescued through the expediency of issuing a new deed of trust containing the very terms that would preclude confirmation in the absence of the deed of trust. The

---

[2] It should be noted that the plan in this case does not involve section 1322(b)(5) which allows a plan to provide for the curing of a default and maintenance of the regular payments while the case is pending. As pointed out in Enewally, section 1322(b)(5) is not available if the plan modifies the secured claim rather than merely curing the default. Enewally, 368 F.3d at 1172 ("a chapter 13 debtor may not invoke both a modification of a secured creditor's claim under § 1322(b)(2) and the right to 'cure and maintain' beyond the plan term as authorized under § 1322(b)(5)").

court is satisfied that this question must be answered in the negative. To hold otherwise, would be to place form over substance and serve to eviscerate section 1322(d).

The limitation articulated in section 1322(d) is that the plan may not "provide for" payments over a period that is longer than the term of the plan. The applicability of this limitation does not depend upon whether the requirement that the debtor make future payments derives from language contained in the body of the plan or is contained in a new deed of trust or other instrument issued pursuant to the plan. In either instance, the plan "provides for" the payments that are to be made by the debtor and therefore in neither instance may the payments extend beyond the term of the plan. It is the substance of the proposed treatment that is determinative in assessing whether a plan is confirmable and not the format chosen by the debtor for presenting the treatment. Whether placed in the body of the plan or in a new deed of trust, the effect of the proposed terms in the present case is the same—they extend the payments on the modified claim of Wells Fargo beyond the term of the plan and in either case conflict with section 1322(d).

A provision in a proposed plan calling for the issuance of a new promissory note or new deed of trust may not be utilized to circumvent requirements or limitations that Congress has seen fit to include in chapter 13 of the Bankruptcy Code. See In re Valdes,

No. 09-26712, 2010 WL 3956814, at *3-4 (Bankr. S.D. Fla. Oct. 4, 2010); In re Santiago, No. 08-15360, 2009 WL 3515705, at *2-3 (Bankr. S.D. Fla. Oct. 29, 2009). In the present case, it is difficult to discern any purpose for the proposed new deed of trust other than having it serve as a vehicle for circumventing the provisions of chapter 13 that prevent a debtor from modifying a secured claim without paying the modified claim in full during the term of the plan. As the court observed in Santiago, the issuance of such a note or deed of trust amounts to a "contrived artifice" which is ineffective to circumvent requirements or limitations embodied in the Bankruptcy Code. Id. at *2. This means that the terms contained in such a note or deed of trust must be judged by the same standards as they would if presented in the body of a plan in the usual manner. Judged in this manner, with or without the new deed of trust, the Debtor's plan cannot be confirmed.

In summary, because the proposed treatment for the secured claim of Wells Fargo involves a modification of the Wells Fargo loan pursuant to section 1322(b)(2), the limitation contained in section 1322(d) is applicable. Under section 1322(d), a plan may not provide for payments over a period that is longer than the term of the plan. The plan proposed by the Debtor provides for payments to Wells Fargo that extend well beyond the term of the plan. As a result, the proposed plan does not comply with section 1322(d), which means that the plan does not satisfy section 1325(a)(1) and

therefore is not confirmable. Accordingly, Wells Fargo's objection to confirmation of the plan shall be sustained and confirmation of the plan shall be denied.

IT IS SO ORDERED.

This 24th day of January, 2011.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Kimberly A. Sheek, Esq.
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

Edward C. Boltz, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Richard M. Hutson, Standing Trustee